```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED STATES OF AMERICA,

            - against -                        MEMORANDUM AND ORDER

ROBERT BROOKS,                                 17 Cr. 222-1 (NRB)

                    Defendant.
----------------------------------------X
```
**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Defendant Robert Brooks was sentenced on April 30, 2018 to the statutory mandatory minimum of 60 months' imprisonment for his conviction pursuant to a plea agreement for using a firearm in connection with an attempted armed robbery of a narcotics dealer in violation of 18 U.S.C. § 924(c). Citing the generalized risks that COVID-19 presents to inmates, Mr. Brooks now moves pro se under 18 U.S.C. § 3582(c)(1)(A) to reduce his sentence to time served. (ECF No. 127.)

Under Section 3582(c)(1)(A), a court may reduce an inmate's term of imprisonment if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Mr. Brooks is eligible to move the Court for such relief because he previously petitioned the

Warden of FCI Fort Dix, where Mr. Brooks is housed, for early release, which the Warden denied.[1]  See id. (permitting courts to entertain Section 3582(c)(1)(A) motions when a defendant has fully exhausted his administrative remedies).  While Mr. Brooks's pro se motion must "be construed liberally and interpreted to raise the strongest arguments [it] suggest[s]," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citation and internal quotation marks omitted), he nevertheless must sustain his burden of proving that his release is justified under Section 3582(c)(1)(A), see United States v. Butler, 970 F.2d 1017, 1026 (2d Cir. 1992).  Mr. Brooks cannot meet that burden and accordingly his motion is denied.

    Mr. Brooks is 27 years old.  He concedes in his motion that he does not suffer from any health conditions that would make him more vulnerable to contracting a severe case of COVID-19.  (ECF No. 127 at 22, 25.)  In sum and substance, he argues that because he is housed in a prison facility where a number of inmates have contracted COVID-19 that this presents extraordinary and compelling circumstances warranting his immediate release.

---

[1]  See ECF No. 127 at 27 (detailing Mr. Brooks's failed attempt to petition the Warden of FCI Fort Dix for his early release); ECF No. 128 at 2 (same).

While the Court recognizes that COVID-19 has created harsh conditions of confinement for Mr. Brooks, the same can be said for all other detainees at FCI Fort Dix and, indeed, all other inmates in prison facilities around the country. Simply put, to find that the application of a 27-year-old with no known COVID-19 comorbidities that would increase the risk of serious infection presents an "extraordinary and compelling" case for immediate release would be tantamount to finding that any application by any federal inmate for compassionate release submitted during this pandemic would warrant his or her immediate release. We do not understand the plain meaning of "extraordinary and compelling" nor Congress's use of those terms in Section 3582 to contemplate a generalized fear of contracting COVID-19, without more, as warranting an immediate release from prison. That is particularly true as vaccines become increasingly available to both inmates and staff. Consequently, Mr. Brooks fails to establish circumstances justifying a sentence reduction pursuant to Section 3582.

Moreover, even assuming for the sake of argument that Mr. Brooks's application did identify extraordinary and compelling circumstances, we would still decline to grant his motion based on our assessment of the Section 3553(a) sentencing factors. These factors include "the nature and

circumstances of the offense and the history and characteristics of the defendant," as well as "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," to "afford adequate deterrence to criminal conduct," and to "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).

Applying these factors here, while Mr. Brooks did not have a prior criminal history, he was sentenced for a violent and disturbing crime.  Specifically, Mr. Brooks attempted to rob a drug dealer at gunpoint, an incident that, according to the Government, involved Mr. Brooks repeatedly pistol-whipping the victim in the head, which required emergency medical intervention and 20 sutures to close the victim's wounds.  At sentencing, as it does now, the five-year mandatory minimum sentence the Court imposed on Mr. Brooks reflects the seriousness of this crime and fulfills the sentencing goals announced in Section 3553(a).  To order Mr. Brooks's immediate release based on the generalized nature of his application would offend those sentencing factors.[2]

---

[2] While Mr. Brooks brings to the Court's attention a number of cases where inmates have had their motions for compassionate release granted, "[t]he determination as to what constitutes extraordinary and compelling reasons warranting a reduction [under Section 3582] is committed to the sound discretion of the district court," and turns on

-4-

Accordingly, Mr. Brooks's motion is denied.  Because Mr. Brooks has not made a substantial showing of a denial of a federal right, we will not issue a certificate of appealability.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 444 (1962).

The Clerk of Court is respectfully directed to terminate the motion currently pending at ECF No. 127.

**SO ORDERED.**

Dated:    New York, New York
          April 20, 2021

                                    _____
                                       NAOMI REICE BUCHWALD
                                    UNITED STATES DISTRICT JUDGE

---

the Court's "individualized determination" of the "particular circumstances" of each case.  United States v. Johnson, No. 17 CR. 212 (NRB), 2020 WL 6891457, at *3 (S.D.N.Y. Nov. 24, 2020) (quoting United States v. Roney, 833 F. App'x 850, 854 (2d Cir. 2020) (summary order)).

-6-

Copy to:

Robert Brooks
Register No. 70851-019
FCI Fort Dix
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 2000
Joint Base MDL, NJ 08320